Good morning, members of the panel. If it pleases the Court, I'm Mark Jesse. I was appointed to represent Mr. Gilmore, who is the appellant in this case. There are two primary issues raised in the brief. The first one is whether the smell of marijuana alone, in a state where medical marijuana use is allowed, is probable cause for the issuance of a warrant. The second issue is, as raised in the brief, in this particular case, virtually every rule of the Supreme Court, state statute, and rules of criminal procedure as to how a warrant is issued was not complied with by the state in this case. It's easy... To clarify, as I understood your brief, you acknowledge that we would have to depart from existing case law on your first... We acknowledge there's cases out there that say the smell of marijuana, and marijuana being illegal under Federal law, would still potentially be probable. Are there cases that would control our panel in your... Not that I can find. Not a... I think I cited one case that said marijuana is still illegal under Federal law, and so that is true. The question becomes, which is why I cited the case out of Colorado, is they say it leads to the issue that if you pass a state law that tells people they can consume marijuana, but then that becomes probable cause for search warrants, or to search them, you're essentially asking people to trade... We clearly have cases. I was on one panel where the smell of marijuana authorized an automobile search without a warrant. The person was out of the vehicle at the time, as I recall. As I understand where the legal analysis is going, since many states have now passed various forms of legalization of marijuana, it requires some additional review of then what is probable cause. So, in Arkansas, it's just medical marijuana, right? That's not recreational, that's lawful. So is there anything in the record about how often, when someone is prescribed medical marijuana, that actually comes in the form of a smokable marijuana, as opposed to pill form? Colloquially, I would say about 80% of what is sold is sold as the plant for smoking. It's not edibles, it's not liquid. For medical, because I don't think that's the case in all states, and so I just wondered if... It seems to me that that might be something that would need to be on the record, because I'm just not sure that's true, but... My understanding is the vast majority of what's sold in Arkansas as medicinal marijuana is the leaf or bud type marijuana. And some states have addressed this by specifically saying the smell of marijuana alone is no longer probable cause to search somebody. But I think probably the more interesting question is, is in this case, they appeared at Mr. Gilmore's door, there was at least one other person present, they claimed they have grounds to search the premise, you have to obtain a warrant. Our statutes that control here, because they're state actors, they're supposed to go to a judge and present an affidavit. They did not go... They can go... They can do it by phone. They can go to a federal magistrate. Well, they clearly here didn't. They didn't... And a state magistrate... If they... ...is subject to the same Fourth Amendment rules as a federal magistrate. Correct. If they didn't go to a federal magistrate, there are other alternatives to go to a state magistrate. And the state magistrate is governed by the Fourth Amendment, as construed by the U.S. Supreme Court. And we have passed multiple rules of criminal procedure, rules of the Supreme Court and statutes... I know that, but you've briefed that, but they don't... ...to protect that. You've briefed that, but they don't control. That may be semantics. The Fourth Amendment... Well, it's not. It's much more than semantics. We also have a state statute on search and seizure. In either case, you have to go to the magistrate, submit an affidavit. You can phone it in. If you phone it in, our statute requires the moment the judge determines that you're seeking a warrant by phone, you're supposed to either record or transcribe, have a court reporter come in and transcribe that. That was not done. It has to be done under oath or affirmation. We have no recording of that. What exactly has to be transcribed? If you're submitting the affidavit, I think here it was through an email, right? They submitted an affidavit, but he also gave testimony. And the whole purpose of all of this being recorded, transcribed, filed with the clerk, if it's to a district judge, it has to be transferred to the circuit judge. Is it allows post-issuance review by an attorney? I don't know what was told to the judge because it wasn't transcribed. The opposing counsel's brief says the Fourth Amendment oath and affirmation requirement requires, quote, formal assertion of or attestation to the truth of what has been or is to be said, citing an Eighth Circuit case. You say that's wrong? No. I'm saying is the officer testified at the suppression hearing that his oath or affirmation was done over the phone, and our statute requires that that be done and it be recorded because if there's a conversation that occurs between the officer and the judge. If the district court makes a finding that the Fourth Amendment oath affirmation requirement has been met on the facts, the fact that there's been a non-compliance or a tweaking of a particular state rule is irrelevant, I think. Is it irrelevant that there's no file-marked copy of a warrant in any record before this court or in state court or in federal court? That's a clear review of the finding, right? Right. There's no warrant. The warrant is, the affidavit is supposed to be filed with the clerk. We have no file-marked affidavit. The return of the warrant is supposed to be file-marked. You don't like Fourth Amendment law. The Fourth Amendment law says that the state compliance with state rules of this kind are not controlling. Non-compliance does not defeat the issuance of the warrant. How does a lawyer who's appointed to represent a defendant review whether it was done correctly if none of the records that are allowed or are supposed to be kept are present? I thought there was all kinds of testimony around that regarding the electronic warrant facts. There was a copy of the affidavit signed by the attesting state judge, a copy of the signed warrant stating probable cause based on the affidavit, the warrant returned by, signed by the issuing judge, an email from the affliant to the judge regarding the warrant application. All that's in the record, right? And the reason there's certain procedures that has to be Is that right, all that's in the record? No, there's no email from the judge showing a warrant ever went back to these officers. There's not. Well, that wasn't one of the things I'm listening to. I didn't say that. Okay. I read what opposing counsel says in the brief is in the record. I didn't go and check on it. We're discussing And then the question for the Fourth Amendment is whether the district court could find on that evidence that the Fourth Amendment oath and affirmation constitutional requirement was satisfied. That's the legal issue that we have to decide. Doesn't that require fundamentally whether or not that affidavit ever made it to the judge and whether the warrant ever came back? No. You could. We make findings all the time with inference and circumstantial. So if the officers say they obtained a warrant, we have no documentation, you can question their credibility. I assume you did challenge that. I got appointed post trial in this case to well, defense counsel can question the credibility of the testimony. And if the judge disbelieves them and says, I'm not convinced that you really presented it because you haven't shown me what you're seeking, then you would prevail. But here, as I understand it, the judge believed the officers and concluded that the documents were submitted, even if there were some technical problems with compliance with state laws. Well, part of the problem is it converts the review into a credibility determination of what the officers say at a suppression hearing, rather than allowing an attorney to look at all of the various issues. Happens all the time. I mean, that's our typical suppression case. It's credibility between the defendant, I didn't do that, and the officer saying I saw him do it. When you say this is just about the odor of marijuana, is that all that they had or did they also have some information that predated the visit to the home? There are some slight references to apparently some type of information had previously been stated. All I could find was a police report that says, is this what you're thinking of? There's a police report that says they went to the residence in reference to receiving information about the use and sales of illegal narcotics taking place at the residence. Right. And of course, the Fourth Amendment requires, you know, if you're going to take the word of a confidential informant, there has to be some basis for it, so there's no claim that where that information came from or who. What do you mean, of course, the Fourth Amendment? There are cases involving anonymous tips. There's anonymous tips. That might be the basis for showing up and doing a knock and talk or something. There was, for purposes of like putting something into an affidavit for a warrant, you normally have to establish the basis for finding that that was reasonable or credible. My understanding in this case is they claim they had some kind of tip. They went to the house. It started as a knock and talk. Yeah. They then smelled marijuana that then progressed to a warrant, so then the question becomes what information do they have to get the warrant? And at that juncture, it's simply the smell of marijuana and unsubstantiated anonymous type claims. Okay. Well, that's, well, first of all, it may have been substantiated if they got to the house and smelled marijuana that may have substantiated the tip that there was marijuana activity going on at the house. But my original point was just didn't they have more than only the odor? They had this previous information. Right. I guess we've talked about that. But as I understand, if you submit an affidavit to a judge asking for a warrant, some type of anonymous unsubstantiated tip doesn't convert over as being sufficient. Well, if it's corroborated, it might be. If it's corroborated by a visit to the house, so that brings us back to the simple smell. Okay. Another question I had is that the opposing counsel argues that you don't respond to the alternative Leon ruling, and therefore, you haven't successfully knocked out the warrant. What's wrong with that argument? Well, if I understand it correctly, if Leon is normally whether the officers acted in good faith, and in this particular case, one of the issues when you look at whether a person acted in good faith is whether they complied with the various rules, statutes, well-established policies and things. And that brings us back to in this case. You have a State Circuit case you're relying on for that? Well, I've been a lawyer for 30 years. My understanding of Leon is you can't breach well-established law and then claim that you were acting in good faith. And our well-established law is that to obtain a warrant, you have to do it in a specific form that preserves the record to allow oversight and review. At this juncture, we could have officers show up at a suppression hearing with a piece of paper that they claim was a warrant that was issued by the judge with absolutely no supporting background history or information. And if the interpretation is so long as they show up at a suppression hearing and say it was they obtained it, then... So you're saying it's a sort of de facto. If you didn't follow a certain percentage of the rules, that's just automatically not good faith? Well, right. Because at this case, they didn't virtually every rule that I cited in the brief, they did not comply with. They then deleted their emails. They did not retain any records. There's very sparse record here. And the question you have to ask is, what is the purpose of requiring all those things to be done in a certain procedural way? And is it that it allows oversight after the fact, not just having a suppression hearing? Well, when you talk about they, there's a lot of they actors here. And some of them aren't the law enforcement officers, correct? So one of your assertions is that the magistrate judge who signed off here did not retain some of the materials, right? We don't have an email there. So is that included too? If when really, you know, the exclusionary rule, we're getting at the conduct of the law enforcement, right? Not the magistrate judge. Well, under the telephone warrant rule, the officer actually signs the judge's name and the judge signs his own, and then the judge is supposed to file his of record. We don't have the warrant from the judge and we don't have a file marked one. So how do we know that the officer, unless you just grant him credibility, signed the judge's name to a warrant? The whole purpose of recording things a certain way is to allow oversight. And the defendant is stripped from his ability to do that when they don't comply with any of the procedural rules. That's my time. Thank you. Ms. O'Leary. Good morning, Your Honor. May it please the Court. My name is Erin O'Leary and I'm an Assistant United States Attorney for the Eastern District of Arkansas. In this case, the search warrant was supported by probable cause and comported with the Fourth Amendment oath or affirmation requirement. The District Court's finding of the officer's objectively reasonable, good-faith reliance on the warrant was not raised on appeal and waived by Gilmore. This Court can affirm on that alone, but reaching the merits, Clark and Kleinholz cases cited by the District Court support its finding of probable cause. The issue of oath or affirmation addressed in his appeal was not raised until after trial. The District Court declined to consider the claim and did not issue a ruling. Therefore, it was not preserved on appeal, but regardless, there is plenty in the record reflecting that the warrant comported with the Fourth Amendment. Finally, any allegations of failure to follow state law only address the handling of the valid warrant after it was executed and not its substance. As long as the warrant comported with the Fourth Amendment, which it did, any state law violation, assuming one occurred, ought not result in suppression because there is no evidence that it was done deliberately by law enforcement and no evidence that Gilmore was prejudiced. I'm not sure I understand all that. You couldn't even identify who got the warrant and when at the outset of the suppression hearing, right? Your Honor, it was my mistake when I initially filed my first two responses to the first two motions to suppress. It was Investigator Bailey that went into his patrol vehicle and typed out the affidavit. That was reflected in the incident report. The incident report stated Investigator Bailey. It was Investigator Jefferson that filled out the return to the search warrant, and I incorrectly stated that Investigator Jefferson was the affiant as well. If I may reach some of the issues that were raised by defense counsel, he characterizes the situation as a warrant that was executed pursuant to the smell of marijuana alone. That is not what we have here. We have reports, a report, of the illegal use and sales of narcotics. And what more? Is that it in a nutshell? Yes. At some point, it was referred to as reports, it was referred to as a tip, and pursuant to that, the investigators went to Mr. Gilmore's residence and that information was immediately corroborated by the smell of marijuana. Those two elements together support probable cause, and this Court has done so in Clark and Kline holes. You would agree that the information about use and sales, that wouldn't be enough for a warrant? Correct, Your Honor. Relying on a tip alone would be insufficient to meet probable cause. So what do we do with the change in Arkansas law that now legalizes medical marijuana? Still understanding, I understand you can't have it under federal law, but for purposes of probable cause for a warrant, if we were to step into that world and review it, what are your thoughts? Your Honor, there is a narrow set of circumstances under which... Can you speak up a little bit? I'm so sorry, Your Honor. Yes, I feel like I'm being very loud. I will speak up. No, this room is... I apologize. Thank you. Your Honors, there is a narrow set of circumstances under which the use and possession of marijuana is legal under the Arkansas law. However, it is still illegal under Arkansas law to privately sell marijuana, and that was part of the information that caused... I was just meaning just this odor. Put aside your tip. Just the odor, whether that would meet probable cause, Your Honor, that is an open question. But those are not the facts that are before the court today. And you don't have a view? Your Honor, my view... Has your office taken a position on this? This is something that we've seen in a few cases coming up, and I'm wondering if you've had other cases in this issue. I'm sorry, what's not at issue? I thought the smell is at issue. You just mean because there's something... Because the tip is a little bit more? It's... Your Honor, we have the odor that corroborated the information that Mr. Gilmore... Or somebody at the right...  You disagreed with that. I do, Your Honor. And the district court found... So you say the smell isn't at issue on this appeal. I don't understand how you... A, those don't jive to me. Oh, Your Honor, I meant that the facts before the court today are not just the odor of marijuana. I believe... No, but the odor of marijuana is what you are relying on to sustain this suppression denial. In addition to the information that caused the investigators to respond to the residents. So, but if... So I think it is before us, the issue. I mean, what do we do about it, as Judge Kelly put it, is before us. Because you can't survive without getting some weight, giving some weight to the odor. Oh, yes, Your Honor. Some weight needs to be given to the odor, because the tip alone is insufficient to meet probable cause. I understood you to mean that we don't have to decide in this case whether odor outside a house standing alone would justify a search of the whole house. Yes, Your Honor. Because you think we have more than that in this case. We do, Your Honor. Plus, we have the good faith exception involved here, too. So... Yes, Your Honor. Even if you had only the odor, the court would have to decide the good faith question, even if there were insufficient probable cause. Yes, Your Honor. Okay. But to address your particular question, Judge Kelly, that is an open question, and our office is watching as the case law develops. That's a bold position for your office to take. If I may address a couple of other issues that were raised in defense's argument. Mr. Jesse references the rules surrounding an oral swearing out of a warrant. That's not what we have here. Investigator Bailey drafted an affidavit that was emailed to the court. But regardless, all of the allegations regarding the violation of state law... You're going to speak. I can't hear it. I'm sorry. Regardless, any allegation of a violation of state law has to do with the obligations of essentially the clerk's office after the warrant was executed. What about the transcribing part of it? You said it was entirely on the written affidavit. But defense counsel says that there was actually some oral discussion with the magistrate judge. It's just missing from the record, so we don't know what he said and whether the magistrate judge asked any questions in response and what that colloquy was. It is missing from the record, Your Honor, but under SCARDA, there is no obligation by an issuing judge to record supplemental testimony to a written affidavit. So you misspoke when you said it was just on the written. Here, there was both. Your Honor, there is nothing in the record that Investigator Bailey swore to stating in particular what he told the judge that was outside of the four corners of the warrant. I believe in his testimony, he stated that before being sworn out, he gave the judge a brief understanding of the substance of the warrant. He did not go into detail. And we are relying on the four corners of this warrant to state that those support probable cause. Well, it can still be procedurally invalid. I mean, the four corners can be fine on the merits, but the warrant can be invalid for other reasons. Your Honor, the allegations here about any failure to follow a state law is trumped by the fact that this warrant comported with the Fourth Amendment under Dishman and Timley. Yeah, okay. That's a little different than you're just saying the four corners and the... What we're talking, what I was summarizing from your brief for opposing counsel, that isn't in the four corners. That was evidence at this hearing, right? Yes, Your Honor. And I think you are conceding you needed it. You've got to meet the Fourth Amendment oath and affirmation requirement as defined in the Eighth Circuit case you cited. I understand your statement, Your Honor. The testimony that came out in the suppression hearing supports that the search warrant comported with the Fourth Amendment in the oath or affirmation. So why is this all limited, back to your statement, this is all a question of whether the clerk of court messed up. It's more than that. Yes, Your Honor. That's a separate issue, Your Honor. As far as the oath or affirmation requirement... What's the separate issue then? I don't understand it. I apologize, Your Honor. No, I'm just a little slow with you here. I don't know the record as well. Your Honor, in this case, the record is full of evidence that this warrant comported with the oath or affirmation requirement. In particular, the judge found that the investigator testified... I understand that. But I'm back to your saying this is all only about the clerk of court, and I understand what is missing from the clerk's record. The defense counsel says it's critical that it's missing. What is there about the clerk's office that's relevant? Your Honor, I don't believe it is. Because any allegation about failure to follow state law with regard to filing the warrant, sending it up to the circuit clerk's office, sending it to a circuit judge, has nothing to do with the substance of the warrant. This warrant comported with the Fourth Amendment. Any failures after it was executed have nothing to do with misconduct by law enforcement. If... I mean, the Fourth Amendment says a search without a warrant is presumptively unreasonable. And one way you can get a warrant is go to state authorities. And they're... I mean, some of the details that are being argued are irrelevant. But you have to have a fundamentally valid state court warrant. It has to be issued by a magistrate under oath of affirmation. Yes, Your Honor. So there's some compliance with state law that's within your burden to prove. Yes, Your Honor. But the guidepost is the Fourth Amendment. And everything to the point when the warrant was issued and executed comported with the Fourth Amendment. And the state law says you can't... Arkansas warrant is not valid if the clerk of court hasn't done A, B, and C. Your Honor, those processes only take place after the warrant is executed. Once the return is issued with the issuing judge, everything at that point is supposed to be filed. Okay. Nothing is filed at the time of its issuance. That's correct, Your Honor. Okay. If there are no further questions, I'll surrender the balance of my time. Thank you. Thank you. Mr. Chairman, I'll give you a minute or two. This is... Just briefly, if you simply look at the issue in your mind and say an officer can show up at a suppression hearing and as long as he says I went to a judge and got a warrant and here it is, then there's really no benefit at all to recording what is said during the telephone or application process. But all of that is done because we're aware that to just say it's a state procedural violation, the credibility that is supposed to be being judged at a suppression hearing, one of them is what did the officer tell the judge while he was on the phone because the magistrate is supposed to be making a decision based upon what he was told. There's absolutely no way to now review that if they didn't record it. One of the things that's important when you do, for example, a telephone warrant in Arkansas is you're supposed to actually do two duplicate copies. The judge signs one and the officer signs one. The one the officer signs, he's supposed to hand to the defendant and the judge is supposed to fill out his verbatim and file it with the clerk. One of the issues in this case is the warrant says that it was issued at 1.20 p.m. The video of the search shows it commenced one minute after noon. All of these things that I understand, you step back and say under the Fourth Amendment, did reasonable cause exist here? But in trying to reach the decision, did reasonable cause exist here? You have to have some underlying records and in this case, at every turn, the records that should be reviewed are missing. But if you start with the four corners of the warrant, government can start and end with the four corners of the warrant. Well, let me give you an example. There's testimony that they found an e-mail. Wait. Okay. We have had a number of, I have been on a number of cases where there is also discussion between the defiant and the magistrate that are not dictated onto the face of the warrant. They're not within the four corners. That can be relevant at a suppression hearing and it's subject to credibility and all the other typical findings. It sounds like that's what we have here. Well, in this case, we have an officer who says I sent an affidavit to a judge. We had a person show up at a hearing saying that we found traces of an e-mail where an affidavit was sent to the judge, but we don't have any evidence that the one the officer says, this is the one I tendered, is the one the judge got. Your Honor, I object not to best evidence. Right. And none of it is file marked or anything. So it completely undercuts any ability to have a true review, and that's the issue. Well, if there's no best evidence objection, then the district court allows the hearsay, I guess is what you're saying, in, and then makes a finding that it's credible. That's where we are here. Then we take it up on that basis, but it's a fact issue. It's not a legal issue, it seems to me. Thank you. Thank you, counsel. Unusual issue that's been well-briefed. That argument's been helpful, and we'll take it under advisement. Thank you.